IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JOHN CROSBY, CO BAR NO. 27245

No. 80811

FILED

JUL 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF PUBLIC REPRIMAND*

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court publicly reprimand Colorado and United States Patent and Trademark Office (USPTO)-licensed attorney John Crosby based on violations of RPC 1.4 (communication) and RPC 8.1 (bar admission and disciplinary matters). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Crosby committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009).

Having reviewed the record, we conclude that substantial evidence supports the panel's findings that the State Bar established by clear and convincing evidence that Crosby violated the above-referenced rules. First, after being retained by an inventor to prepare and file a patent application with the USPTO, Crosby knowingly failed to provide the client with the patent application filing number, adequately respond to her

requests for information about the application's status, and ensure that she received the filing notice and notice of missing documents for her application. Once Crosby considered the representation ended, he also failed to ensure the client had the necessary documentation and information to protect her rights and complete the application process. Second, after the client filed a grievance, the State Bar sent Crosby three inquiry letters, but Crosby failed to respond to any of the inquiries, resulting in a formal disciplinary complaint.

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Crosby acted knowingly in violating duties owed to his client (communication) and the profession (disciplinary matters). Crosby's conduct injured or at least potentially injured his client due to an extended delay in the patent application process. The baseline discipline for such misconduct, before considering aggravating and mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility*, Standard 4.42 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client"). The record supports the panel's findings of two mitigating factors (no prior discipline and absence of dishonest or selfish motive) and one aggravating factor (substantial experience in the practice of law). Considering the four *Lerner* factors, including that Crosby lacked a dishonest or selfish motive, we agree with the panel that a downward deviation from the baseline sanction of suspension is warranted, and that the recommended public reprimand is

appropriate and sufficient to serve the purpose of attorney discipline.[1] *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (recognizing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession). Further, we conclude that the panel's recommendation that Crosby be assessed the actual costs of the disciplinary proceeding in addition to the administrative costs under SCR 120(3) is appropriate, since he failed to obtain the patent application number until after the pre-hearing conference in the disciplinary matter.

Accordingly, we hereby publicly reprimand attorney John Crosby for violating RPC 1.4 (communication) and RPC 8.1 (disciplinary matters). Additionally, Crosby must pay $3,272.50, which includes the actual costs of the disciplinary proceeding plus $2,500 under SCR 120, within 30 days from the date of this order.

It is so ORDERED.

_____, J.
Gibbons

_____, J.        _____, J.
Stiglich                                            Silver

cc:     Chair, Northern Nevada Disciplinary Board
        John Crosby, Esq.
        Bar Counsel, State Bar of Nevada
        Executive Director, State Bar of Nevada
        Admissions Office, U.S. Supreme Court

---

[1]Although not licensed to practice law in Nevada, Crosby is registered with the USPTO and performed the legal work on behalf of the inventor from his office in Minden, Nevada, and he is subject to discipline by this court pursuant to SCR 99(1).

SUPREME COURT
OF
NEVADA

(O) 1947A